Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAPOUR KARIMI ) | Civil No. |
| Plaintiff, ) | PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS |
| -vs- ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| EMILIO T. GONZALEZ, Director, CIS ) | "Immigration Case" |
| ROSEMARY MELVILLE, District Director ) | CIS NOs.   A046-770-136 |
| FRANK SICILIANO, Field Office Director ) | |
| Department of Homeland Security; ) | |
| ROBERT S. MUELLER, Director ) | |
| Federal Bureau of Investigations ) | |
| Defendants. ) | |

COMES NOW Shapour Karimi, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.     This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                                                         1

## PARTIES

2. Plaintiff Shapour Karimi is a 62 year-old citizen of Iran. He became a lawful permanent resident of the United States on September 14, 1999.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT                                    2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.,* and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 1616 Branham Lane, Apt #67, San Jose, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

12. All legal prerequisites having been satisfied, Plaintiff Karimi filed his application for naturalization on June 28, 2004, with the USCIS.

COMPLAINT                                     3

13. On July 28, 2004, Plaintiff Karimi went to the Application Support Center in San Jose, and had his fingerprints taken.

14. On February 15, 2005, Plaintiff Karimi attended his interview with the USCIS. He passed the civics and English requirement, but was told that his background check had not yet cleared.

15. On March 24, 2005, Plaintiff Karimi's attorney sent an e-mail inquiry to the San Jose USCIS regarding the Plaintiff's case.

16. On March 25, 2006, Plaintiff's attorney received an e-mail from the San Jose USCIS which stated that Plaintiff Karimi's case was still awaiting FBI clearance.

17. On April 26, 2005, Plaintiff's attorney sent another e-mail inquiry to the San Jose USCIS.

18. On April 28, 2005, Plaintiff's attorney received an e-mail from the San Jose USCIS which stated that the Plaintiff's case still pending due to the FBI name check.

19. On July 20, 2005, Plaintiff's attorney sent an e-mail inquiry to the San Jose USCIS and stated that five months had passed since Plaintiff Karimi's naturalization interview.

20. On July 28, 2005, the USCIS responded to the Plaintiff's inquiry and stated that the Plaintiff's case was still pending due to the pending FBI name check.

21. On September 29, 2005, the Plaintiff's attorney sent a letter by certified mail to the USCIS in San Jose, to inquire about the Plaintiff's case and to inform the USCIS that Plaintiff Karimi had grown very anxious due to the lengthy processing time.

22. On October 12, 2005, the San Jose USCIS sent a letter to the Plaintiff's attorney which stated that the FBI name check was still pending, and the USCIS would notify the Plaintiff as soon as a decision was made on the case.

23. On February 25, 2006, the Plaintiff's daughter sent a letter on behalf of her father to Senator Barbara Boxer requesting the Senator's assistance with his pending naturalization case.

24. On March 28, 2006, Senator Boxer's office sent a letter to the Plaintiff's daughter stating that

COMPLAINT                               4

due to the Privacy Release Act of 1974, a written statement from the constituent directly involved was required.

25. On April 23, 2006, the Plaintiff sent a letter Senator Boxer requesting her assistance with his case. A couple of weeks later, the Plaintiff called the Senator's officer to follow-up on his letter. He was told by Senator Boxer's office that they would not be able to assist the Plaintiff with his immigration case.

26. On August 24, 2006, the Plaintiff's attorney sent another letter by certified mail to the San Jose USCIS. The Plaintiff's attorney stated that a year-and-a-half had passed since Plaintiff Karimi's naturalization interview, and the Plaintiff had not been informed of any decision.

27. On September 7, 2006, the USCIS responded by letter and stated that case processing was delayed, and that the Plaintiff's case was not yet ready for decision as the "required investigation into the applicant's background remains open." The USCIS instructed the Plaintiff to contact them if a decision was not made in the next six months.

28. On February 8, 2007, the Plaintiff called the USCSI regarding the status of his case.

29. On February 8, 2007, the USCIS sent a response letter to the Plaintiff stating that the processing of the case was delayed as the required investigation into the FBI name check remained open.

30. On June 8, 2007, the Plaintiff's attorney sent another inquiry letter by certified mail to the San Jose USCIS.

31. On July 25, 2007, the Plaintiff called the USCIS regarding the status of his case.

32. On July 26, 2007, the USCIS sent another response letter indicating that the processing of the Plaintiff's case was delayed as the required investigation into his background remained open.

33. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

34. The Defendants' failure to make a determination of Plaintiff's application within the 120-day

COMPLAINT                                                              5

statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

35. Further, upon information and belief, following Plaintiff's interview on February 15, 2005, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Karimi. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks.

36. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Plaintiff Karimi the rights accorded to a United States citizen, such as a right to vote, and the right to petition family members to the United States.

37. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

## PRAYER

38. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a)    hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

    (b)    award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

    (c)    grant such further relief at law and in equity as justice may require.

1
2
3  Dated: _____
4                                                                          /S/
                                                                    Christina H. Lee
5                                                                   Attorney for Plaintiff
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                                          7